UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CR 15 4536 MV

TRISTALYN VALENCIA

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Tristalyn Valencia's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and Amendment 821 of the Federal Sentencing Guidelines. Doc. 49. The government filed a Response. Doc. 50. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Ms. Valencia is not eligible for a sentence reduction and her motion must be denied.

## DISCUSSION

On December 14, 2016, Ms. Valencia was sentenced to 13 years in custody after being convicted of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). Doc. 46. She seeks a reduction in sentence under Amendment 821 of the Federal Sentencing Guidelines, which provided for a two-level decrease for defendants with zero criminal history points.

18 U.S.C. § 3582(c)(2) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retroactive Guideline amendments

1

are a valid statutory reason to modify a sentence). On November 1, 2023, Sentencing Guidelines Amendment 821 went into effect. Relevant here, in Part B of the Amendment, the Sentencing Commission added a two-level decrease for certain eligible defendants with zero criminal history points, which now appears in U.S.S.G. § 4C1.1. On August 24, 2023, the Sentencing Commission made this amendment retroactive.

Ms. Valencia seeks a reduction in her sentence because she had zero criminal history points at the time of her sentencing. However, in order to qualify for the zero-point offender adjustment, the offense of conviction cannot be a "sex offense." *See* U.S.S.G. § 4C1.1(a)(5). The term "sex offense" is defined in U.S.S.G. § 4C1.1(b)(A) as "an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591." U.S.S.G. § 4C1.1(b)(A). Ms. Valencia was convicted of a violation of 18 U.S.C. § 2252A(a)(2), which falls within Chapter 110 of Title 18 of the United States Code. Accordingly, she was convicted of a "sex offense" as defined by the Guidelines and does not qualify for a two-level decrease under U.S.S.G. § 4C1.1.  As such, her Guidelines range remains the same and the Court is therefore not authorized to reduce her sentence under 18 U.S.C. § 3582(c)(2).

Nevertheless, the Court notes that Ms. Valencia has made efforts to better herself while in custody. She reports that she has completed the Non-Residential Sex Offender Treatment Program, which included the following courses: Emotional Regulation Skills, Boundaries and Healthy Relationships, Intimacy Skills, Emotional Self-Regulation, Effective Communication and Conflict Resolution, and Sexual Self-Regulation. Doc. 49. She is also currently seeking a degree in

Business Management from Stratford University. *Id.* While the Court finds that these strides are commendable, it is not authorized to reduce Ms. Valencia's sentence.

**IT IS THEREFORE ORDERED** that Ms. Valencia's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and Amendment 821 [Doc. 49] is denied.

ENTERED this 24th day of June 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE